**Kent F. WALKER, Plaintiff— Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

**No. 03–56998.**
**D.C. No. CV–02–00647–IEG/LSP.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Sept. 20, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas Garrett Roche, Attorney at Law, San Diego, CA, for Plaintiff–Appellant.

Nancy M. Lisewski, San Francisco, CA, for Defendant–Appellee.

Before SILVERMAN, CALLAHAN, Circuit Judges, and DUFFY,** Senior Judge.

### MEMORANDUM***

Kent F. Walker appeals the district court's decision affirming the Commissioner of Social Security's denial of disability benefits for fibromyalgia and chronic fatigue syndrome. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order affirming the Commissioner's denial of benefits de novo. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). We overturn the Commissioner's decision "only if it is not supported by substantial evidence or is based on legal error." *Id.* "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclu-

sion." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.2002).

Walker challenges two aspects of the Commissioner's decision: the rejection of the testimony of his treating physician, Dr. Press, and the finding that his own testimony about his symptoms was not credible.

■ A treating physician's opinion is entitled to more weight than the opinion of a non-treating physician. *Andrews v. Shalala*, 53 F.3d 1035, 1040–41 (9th Cir.1995). However, the opinion of a non-treating physician may serve as substantial evidence for rejecting the testimony of a treating physician when the non-treating physician's opinion is supported by independent clinical findings or other evidence in the record. *Thomas*, 278 F.3d at 957. Here, the opinion of the non-treating physician, Dr. Silverman, was supported by independent clinical findings and served as substantial evidence for the Commissioner to reject Dr. Press's opinion. Moreover, the Commissioner appropriately discounted Dr. Press's opinion because it was not adequately supported by clinical records or treatment records. *Id.*

If a claimant produces objective medical evidence of an underlying impairment, the Commissioner "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.1991) (en banc). The adjudicator must then identify clear and convincing reasons for rejecting the claimant's testimony. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995).

■ Walker produced objective medical evidence that he suffered fibromyalgia.

** The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

As a result, the ALJ was required to identify clear and convincing reasons for discounting Walker's testimony that he could not work within the limitations proscribed by Dr. Silverman. *Id.* The ALJ identified several specific reasons for discounting Walker's testimony that were supported by clear and convincing evidence. The ALJ appropriately identified the inconsistency between Walker's alleged symptoms and his daily activities as a reason for discounting his testimony. *See, e.g., Morgan,* 169 F.3d at 600; *Bunnell,* 947 F.2d at 346. The ALJ's identification of discrepancies between Walker's alleged symptoms and the objective medical evidence including treatment records, the x-ray, and the observations of other medical personnel also provided legitimate reasons for rejecting Walker's testimony. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir.2001). It was also within the province of the ALJ to discount Walker's credibility when he testified that he had told both Drs. Press and Silverman of his extreme fatigue but there was no mention of these statements in their treatment records. *See Morgan,* 169 F.3d at 599 ("questions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary").

In summary, the ALJ's decision to credit the opinion of Dr. Silverman above that of Dr. Press was supported by substantial evidence. The ALJ's finding that Walker was not credible was also supported by substantial evidence. Accordingly, summary judgment was properly granted for the Commissioner.

**AFFIRMED.**